UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORI DRETZEL,

                              Plaintiff,

- against -

THE NATIONAL FOOTBALL LEAGUE, INC., AND
STEVEN BORNSTEIN,

                              Defendants.

04 Civ. 08113 (HB)

ANSWER

      Defendant Steven Bornstein ("Bornstein"), by his attorneys Nixon Peabody LLP, answers the complaint ("complaint") herein as follows:

      FIRST:     Denies the allegations of paragraph 1 of the complaint, except admits that Steven Bornstein is the Executive Vice President, Media of the NFL, and President and CEO of the NFL Network and avers that plaintiff purports to invoke the statutory provisions referred to therein.

      SECOND:     Denies the allegations of paragraphs 2 and 3 of the complaint, except admits that plaintiff is a woman and that she is making allegations herein of the nature summarized.

      THIRD:     Denies the allegations of paragraph 4 of the complaint, except admits that plaintiff purports to invoke this Court's jurisdiction and to establish venue under the statutory provision invoked therein.

      FOURTH:     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5, except admits that plaintiff is female and that the

N226135.1

NFL's records show that plaintiff resided at 200 East 81st Street, Apt. 7B, New York, New York 10028.

FIFTH:    Denies the allegations of paragraph 6 of the complaint, except admits that the NFL maintains a place of business at 280 Park Avenue, New York, New York 10017 and that the NFL is an employer for the purposes of Title VII of the Civil Rights Act of 1964.

SIXTH:    Denies the allegations of paragraph 7 of the complaint, except admits that Mr. Bornstein is a citizen of the United States and maintains homes in California and New York.

SEVENTH:    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 of the complaint, except admits that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued a Notice of Right to Sue at Plaintiff's request dated July 27, 2004.

EIGHTH:    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 of the complaint.

NINTH:    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first two sentences of paragraph 10 of the complaint. Denies the allegations of the third sentence of paragraph 10 of the complaint.

TENTH:    Admits the allegations of paragraph 11 of the complaint.

ELEVENTH:    Denies the allegation of paragraph 12 of the complaint.

TWELFTH:    Denies the allegations of paragraph 13 of the complaint, except admits that in a private telephone conversation with the NFL's Chief Operating Officer, in which Mr.

Bornstein had no knowledge that plaintiff was listening in on the line, he discussed a topic of the nature referred to in paragraph 13 of the complaint.

 THIRTEENTH: Denies the allegations contained in paragraph 14 of the complaint.

 FOURTEENTH: Denies the allegations contained in paragraphs 15 through 18, inclusive, of the complaint.

 FIFTEENTH: Denies the allegations of paragraph 19 of the complaint, except admits that in August 2003, Jordan Udko, who had a different job from plaintiff, drove Mr. Bornstein's family to the airport and they did not arrive in time for their checked bags to be placed on the airplane.

 SIXTEENTH: Denies the allegations of paragraph 20 of the complaint.

 SEVENTEENTH: Denies knowledge or information regarding the truth of the allegations contained in paragraph 21 of the complaint, except admits that Mr. Udko's employment with the NFL was terminated by the NFL in September 2003.

 EIGHTEENTH: Except to deny knowledge or information sufficient to form a belief as to whether Dretzel met with Janine Haunss of the NFL's Human Resources department, denies the remaining allegations contained in paragraph 22 of the complaint.

 NINETEENTH: Except to deny knowledge or information sufficient to form a belief as to whether Dretzel met with John Buzzeo and Ms. Haunss on or about October 16, 2003, denies the remaining allegations contained in paragraph 23 of the complaint.

TWENTIETH: Except to deny knowledge or information sufficient to form a belief as to whether Dretzel met with NFL Compliance Officer Derrick Crawford on or about October 27, 2003, denies the remaining allegations of paragraph 24 of the complaint.

TWENTY-FIRST: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 25 through 31, inclusive, of the complaint.

TWENTY-SECOND: Denies the allegations of paragraph 32 of the complaint.

TWENTY-THIRD: In response to paragraph 33 of the complaint, Bornstein incorporates herein by reference and repeats his responses contained in paragraphs FIRST through TWENTY-SECOND, inclusive, of this answer, as if more fully stated herein.

TWENTY-FOURTH: Admits the allegations of paragraph 34 of the complaint regarding a statutory purpose of the cited statutes.

TWENTY-FIFTH: Denies the allegations of paragraphs 35 and 36 of the complaint.

TWENTY-SIXTH: In response to paragraph 37 of the complaint, Bornstein incorporates herein by reference and repeats his responses contained in paragraphs FIRST through TWENTY-FIFTH, inclusive, of this Answer, as if more fully stated herein.

TWENTY-SEVENTH: Admits the allegations of paragraph 38 of the complaint regarding a statutory purpose of the cited statutes.

TWENTY-EIGHTH: Denies the allegations of paragraphs 39 and 40 of the complaint.

TWENTY-NINTH: In response to paragraph 41 of the complaint, Bornstein incorporates herein by reference and repeats his responses contained in paragraphs FIRST through TWENTY-EIGHTH, inclusive, of this answer, as if more fully stated herein.

THIRTIETH: Admits the allegations of paragraph 42 of the complaint regarding a statutory purpose of the cited statutes.

THIRTY-FIRST: Denies the allegations of paragraphs 43 and 44 of the complaint.

THIRTY-SECOND: In response to paragraph 45 of the complaint, Bronstein incorporates herein by reference and repeats his responses contained in paragraphs FIRST through THIRTY-FIRST, inclusive, of this answer, as if more fully stated herein.

THIRTY-THIRD: Denies the allegations of paragraph 46 of the complaint, except admits that plaintiff purports to invoke the statutory provisions referred to therein.

THIRTY-FOURTH: Denies the allegations of paragraphs 47 and 48 of the complaint.

THIRTY-FIFTH: In response to paragraph 49 of the complaint, Bornstein incorporates herein by reference and repeats his responses contained in paragraphs FIRST through THIRTY-FOURTH, inclusive, of this Answer, as if more fully stated herein.

THIRTY-SIXTH: Denies the allegations of paragraph 50 of the complaint, except admits that plaintiff purports to invoke the statutory provisions referred to therein.

THIRTY-SEVENTH: Denies the allegations of paragraphs 51 and 52 of the complaint.

THIRTY-EIGHTH: In response to paragraph 53 of the complaint, Bornstein incorporates herein by reference and repeats his responses contained in paragraphs FIRST through THIRTY-SEVENTH, inclusive, of this Answer, as if more fully stated herein.

THIRTY-NINTH: Denies the allegations of paragraph 54 of the complaint, except admits that plaintiff purports to invoke the statutory provisions referred to therein.

FORTIETH: Denies the allegations of paragraphs 55 and 56 of the complaint.

FORTY-FIRST: In response to paragraph 57 of the complaint, Bornstein incorporates herein by reference and repeats his responses contained in paragraphs FIRST through FORTIETH, inclusive, of this answer, as if more fully stated herein.

FORTY-SECOND: Admits the allegations of paragraph 58 of the complaint regarding a statutory purpose of the cited statutes.

FORTY-THIRD: Denies the allegations of paragraphs 59 and 60 of the complaint.

FORTY-FOURTH: In response to paragraph 61 of the complaint, Bronstein incorporates herein by reference and repeats his responses contained in paragraphs FIRST through FORTY-THIRD, inclusive of this Answer, as if more fully stated herein.

FORTY-FIFTH: Denies the allegations of paragraph 62 of the complaint, except admits that plaintiff purports to invoke the statutory provisions referred to therein.

FORTY-SIXTH: Denies the allegations of paragraph 63 and 64 of the complaint.

FORTY-SEVENTH:   In response to paragraph 65 of the complaint, Bornstein incorporates herein by reference and repeats his responses contained in paragraphs FIRST through FORTY-SIXTH, inclusive, of this answer, as if more fully stated herein.

FORTY-EIGHTH:   Denies the allegations of paragraph 66 of the complaint, except admits that plaintiff purports to invoke the statutory provisions referred to therein.

FORTY-NINTH:   Denies the allegations contained in paragraphs 67 on page 17, and 68 of the complaint.

FIFTIETH:   Admits that in paragraph 67 [sic] on page 18 of the complaint plaintiff purports to request from the Court the right to a jury trial under the statutory provision invoked therein.

FIFTY-FIRST:   Bornstein denies each and every allegation in the complaint not specifically admitted above.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

On information and belief, plaintiff has failed to mitigate any alleged damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The claims in the complaint are barred, in whole or in part, by the doctrine of laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The claims in the complaint are barred, in whole or in part, by the doctrine of waiver or estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any decision made with respect to plaintiff's employment was made for non-discriminatory, legitimate business reasons.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Dretzel has failed to state a claim under the New York State Executive Law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Dretzel has failed to state a claim under the New York City Administrative Code.

WHEREFORE, defendant Bornstein demands judgment dismissing the complaint in entirety, his attorneys' fees and costs herein, and for such other, further and different relief as this Court deems just and proper.

Dated: New York, New York
       November 30, 2004

/s/ Jerome P. Coleman
Jerome P. Coleman (JC 7818)
Christopher M. Paparella (CP 8881)
Members of the firm
NIXON PEABODY LLP
437 Madison Avenue
New York, New York 10022
(212) 940-3171
Attorneys for defendant Steven Bornstein

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORI DRETZEL,

                              Plaintiff,

          - against –

THE NATIONAL FOOTBALL LEAGUE, INC., AND STEVEN BORNSTEIN,

                            Defendants.

**AFFIDAVIT OF SERVICE**

Civil Action No.
04-CV-08113 (HB)

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF NEW YORK  )

      Karen J. Muzzillo, being duly sworn, deposes and says:

      I am employed by the law firm of Nixon Peabody LLP, attorneys for defendant Steven Bornstein. I am over the age of eighteen years and am not a party to the within action. On November 30, 2004, I served the attached Answer to:

            The Law Offices of Neal Brickman
            317 Madison Avenue, 21st Floor
            New York, New York 10017
            Attorneys for Plaintiff

            Theodore O. Rogers, Jr., Esq.
            Sullivan & Cromwell LLP
            125 Broad Street
            New York, New York 10004
            Attorneys for Defendant
              The National Football League, Inc.

by placing said documents in a properly addressed, sealed envelope, postage pre-paid, and depositing it in an official depository of the United States Postal Service within the State of New York.

                                      _____
                                           KAREN J. MUZZILLO

Sworn to before me this
30th day of November

_____
Notary Public
JOHN A. PASTERICK
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01PA6082750
QUALIFIED IN NEW YORK
COMMISSION EXPIRES 8/9/06

N226605.1