UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
LORI DRETZEL,                       :
                                    :
            Plaintiff,              :
                                    :     04 Civ. 08113 (HB)
      -against-                     :
                                    :     ANSWER
THE NATIONAL FOOTBALL LEAGUE, INC., :
and STEVEN BORNSTEIN,               :
                                    :
            Defendants.             :
------------------------------------x

Defendant The National Football League (the "NFL"), by its undersigned attorneys, for its answer to the complaint ("the complaint") of plaintiff Lori Dretzel ("Dretzel"), therein alleges, upon knowledge as to itself and its conduct and upon information and belief as to all other matters, the following:

1. Denies the allegations of paragraph 1 of the complaint, except admits that Steven Bornstein is the Executive Vice President, Media of the NFL and President and CEO of the NFL Network and avers that plaintiff purports to invoke the statutory provisions referred to therein.

2. Denies the allegations of paragraph 2 of the complaint, except admits that plaintiff is a woman and that she is making allegations herein of the nature summarized.

3. Denies the allegations of paragraph 3 of the complaint, except admits that plaintiff is making allegations herein of the nature summarized.

      4.      Denies the allegations of paragraph 4 of the complaint, except admits that plaintiff purports to invoke this Court's jurisdiction and to establish venue under the statutory provision invoked therein.

      5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, except admits that plaintiff is female and that the NFL's records show that plaintiff resided at 200 East 81st Street, Apt. 7B, New York, New York 10028.

      6.      Denies the allegations of paragraph 6 of the complaint, except admits that the NFL maintains a place of business at 280 Park Avenue, New York, New York 10017 and that the NFL is an employer for the purposes of Title VII of the Civil Rights Act of 1964.

      7.      Denies the allegations of paragraph 7 of the complaint, except admits that Mr. Bornstein is a citizen of the United States and maintains homes in California and New York.

      8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the complaint, except admits that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued a Notice of Right to Sue at plaintiff's request dated July 27, 2004.

      9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first two sentences of paragraph 10 of the complaint. Denies the allegations of the third sentence of paragraph 10 of the complaint.

11. Admits the allegations of paragraph 11 of the complaint.

12. Denies the allegations of paragraph 12 of the complaint.

13. Denies the allegations of paragraph 13 of the complaint, except admits that in a private telephone conversation with the NFL's Chief Operating Officer, which Mr. Bornstein had no knowledge that plaintiff was listening in on, he discussed a topic of the nature referred to in paragraph 13.

14. Denies the allegations of paragraph 14 of the complaint.

15. Denies the allegations of paragraph 15 of the complaint.

16. Denies the allegations of paragraph 16 of the complaint.

17. Denies the allegations of paragraph 17 of the complaint.

18. Denies the allegations of paragraph 18 of the complaint.

19. Denies the allegations of paragraph 19 of the complaint, except admits that in August 2003, Jordan Udko, who had a different job from plaintiff, drove Mr. Bornstein's family to the airport and they did not arrive in time for their checked bags to be placed on the airplane.

20. Denies the allegations of paragraph 20 of the complaint.

21. Denies the allegations of paragraph 21 of the complaint, except admits that Mr. Udko's employment with the NFL was terminated by the NFL in September 2003 and that he received two weeks of severance pay.

22. Denies the allegations of paragraph 12 of the complaint, except admits that Dretzel met with Janine Haunss of the NFL's Human Resources Department on October 10, 2003.

23. Denies the allegations of paragraph 23 of the complaint, except admits that Dretzel met with John Buzzeo and Janine Haunss, both of the NFL's Human Resources Department, on October 16, 2003.

24. Denies the allegations of paragraph 24 of the complaint, except admits that Dretzel met with NFL Compliance Officer Derrick Crawford on or about October 27, 2003.

25. Denies the allegations of paragraph 25 of the complaint, except admits that on or about November 7, 2003, Janine Haunss informed Dretzel of the opportunity to work as an administrative assistant on an interim basis for Susan Rothman, Vice President of Consumer Products.

26. Denies the allegations of paragraph 26 of the complaint, except admits that Dretzel met with Janine Haunss on or about December 19, 2003 and that Ms. Haunss explained to Dretzel that the administrative assistant position for Vice President Rothman paid a lower salary than the executive assistant position for Executive Vice President Bornstein and was not a bonus-eligible position.

27. Denies the allegations of paragraph 27 of the complaint.

28. Denies the allegations of paragraph 28 of the complaint.

29. Denies the allegations of paragraph 29 of the complaint, except admits that Dretzel met with Nancy Gill, Senior Vice President of Human Resources for the NFL, on or about December 29, 2003, and avers that at no time during this

conversation or any other conversation with Ms. Gill did Dretzel mention the purported statements by Mr. Bornstein that she alleges in the complaint.

30. Denies the allegations of paragraph 30 of the complaint, except admits that Dretzel met with Nancy Gill on January 9, 2004, resigned and gave her employee identification card to Ms. Gill.

31. Denies the allegations of paragraph 31 of the complaint.

32. Denies the allegations of paragraph 32 of the complaint.

33. In response to paragraph 33 of the complaint, defendant incorporates by reference and repeats its responses to paragraphs 1-32 of this Answer.

34. Denies the allegations of paragraph 34 of the complaint, except admits that plaintiff purports to invoke the statutory provisions referred to therein.

35. Denies the allegations of paragraph 35 of the complaint.

36. Denies the allegations of paragraph 36 of the complaint.

37. In response to paragraph 37 of the complaint, defendant incorporates by reference and repeats its responses to paragraphs 1-36 of this Answer.

38. Denies the allegations of paragraph 38 of the complaint, except admits that plaintiff purports to invoke the statutory provisions referred to therein.

39. Denies the allegations of paragraph 39 of the complaint.

40. Denies the allegations of paragraph 40 of the complaint

41. In response to paragraph 41 of the complaint, defendant incorporates by reference and repeats its responses to paragraphs 1-40 of this Answer.

42. Denies the allegations of paragraph 42 of the complaint, except admits that plaintiff purports to invoke the statutory provisions referred to therein.

43. Denies the allegations of paragraph 43 of the complaint.

44. Denies the allegations of paragraph 44 of the complaint.

45. In response to paragraph 45 of the complaint, defendant incorporates by reference and repeats its responses to paragraphs 1-44 of this Answer.

46. Denies the allegations of paragraph 46 of the complaint, except admits that plaintiff purports to invoke the statutory provisions referred to therein.

47. Denies the allegations of paragraph 47 of the complaint.

48. Denies the allegations of paragraph 48 of the complaint.

49. In response to paragraph 49 of the complaint, defendant incorporates by reference and repeats its responses to paragraphs 1-48 of this Answer.

50. Denies the allegations of paragraph 50 of the complaint, except admits that plaintiff purports to invoke the statutory provisions referred to therein.

51. Denies the allegations of paragraph 51 of the complaint.

52. Denies the allegations of paragraph 52 of the complaint.

53. In response to paragraph 53 of the complaint, defendant incorporates by reference and repeats its responses to paragraphs 1-52 of this Answer.

54. Denies the allegations of paragraph 54 of the complaint, except admits that plaintiff purports to invoke the statutory provisions referred to therein.

55. Denies the allegations of paragraph 55 of the complaint.

56. Denies the allegations of paragraph 56 of the complaint.

57. In response to paragraph 57 of the complaint, defendant incorporates by reference and repeats its responses to paragraphs 1-56 of this Answer.

58. Denies the allegations of paragraph 58 of the complaint, except admits that plaintiff purports to invoke the statutory provisions referred to therein.

59. Denies the allegations of paragraph 59 of the complaint.

60. Denies the allegations of paragraph 60 of the complaint.

61. In response to paragraph 61 of the complaint, defendant incorporates by reference and repeats its responses to paragraphs 1-60 of this Answer.

62. Denies the allegations of paragraph 62 of the complaint, except admits that plaintiff purports to invoke the statutory provisions referred to therein.

63. Denies the allegations of paragraph 63 of the complaint.

64. Denies the allegations of paragraph 64 of the complaint.

65. In response to paragraph 65 of the complaint, defendant incorporates by reference and repeats its responses to paragraphs 1-64 of this Answer.

66. Denies the allegations of paragraph 66 of the complaint, except admits that plaintiff purports to invoke the statutory provisions referred to therein.

67. Denies the allegations of paragraph 67 on page 17 of the complaint.

68. Denies the allegations of paragraph 68 of the complaint.

67 [sic]. Admits that in paragraph 67 [sic] on page 18 of the complaint, plaintiff purports to request from the Court the right to a jury trial under the statutory provision invoked therein.

69. The defendant denies each and every allegation in the complaint not specifically admitted above.

## FIRST AFFIRMATIVE DEFENSE

70. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

71. On information and belief, plaintiff has failed to mitigate any alleged damages.

## THIRD AFFIRMATIVE DEFENSE

72. The claims in the complaint are barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

73. The claims in the complaint are barred, in whole or in part, by the doctrine of waiver or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

74. Any decision made with respect to plaintiff's employment was made for non-discriminatory, legitimate business reasons.

## SIXTH AFFIRMATIVE DEFENSE

75. Dretzel has failed to state a claim under the New York State Executive Law.

## SEVENTH AFFIRMATIVE DEFENSE

76. Dretzel has failed to state a claim under the New York City Administrative Code.

Dated: New York, New York
November 30, 2004

                                                                              _____
Theodore O. Rogers, Jr. (TR 5279)
Lan X. Nguyen (LN 4778)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Attorneys for Defendant
The National Football League